Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000038
21-MAY-2019
07:56 AM

NO. CAAP-18-000038

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JORDON J.K. RODRIGUES, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAI'ANAE DIVISION
(CASE NO. 1DCW-17-0001815)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Jordon J.K. Rodrigues (Rodrigues) appeals from a Notice of Entry of Judgment and/or Order, entered by the District Court of the First Circuit,[1] Wai'anae Division (district court), on January 11, 2018. The district court convicted Rodrigues of one count of prostitution, in violation of Hawaii Revised Statutes (HRS) § 712-1200(1)(a) (Supp. 2017).[2]

On appeal, Rodrigues argues the district court wrongly convicted her based on insufficient evidence of an agreement to engage in sexual conduct in return for a fee where State failed to adduce substantial evidence that she asked for a fee or expected to receive any material gain in exchange for engaging in sexual conduct. She cites to State v. Lunceford, 66 Haw. 493,

---

[1] The Honorable Sherri-Ann L. Iha presided.

[2] HRS § 712-1200(1)(a) provides, "A person commits the offense of prostitution if the person . . . [e]ngages in, or agrees or offers to engage in, sexual conduct with another person in return for a fee[.]"

497, 666 P.2d 588, 591 (1983), to support this point.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Rodrigues's point of error as follows.

At trial, Officer Izuka testified that while looking through the Internet for any postings related to sex trafficking or prostitutional types of offenses, he found an advertisement on Craigslist.com (admitted into evidence as State's Exhibit 1), which provides:

> wana get ur dick SUCKED???
>
> -t4m (aiea - pearlridge mall - pearl city)
> . . . .
>
> Hey daddy
> Need some dl attention
> Well here i m to please your needs & desiers
> "TOTALLY LEGiT" Attravtive clean sane &
> discreet
> Looking for a good sick to suck & fuck
> (HEADGAME *BADASS* & BOOTY *tight AF*)
>
> ♡Military♡locals♡1st Timers♡
> Men with gifts is a plus
> Im able to host /OR/ travel if needed
> Call or text me for faster rwplies
>
> Nickole

The ad includes a photograph of "Nickole" (later identified as Rodrigues).

Officer Izuka texted the number in the ad and told Rodrigues he was looking for a quickie. A "quickie," in street vernacular, was a hand job, blow job, or oral sex. The officer asked "is a hundred good"? Rodrigues agreed to give him a blow job for "a hundred." When Officer Izuka met with Rodrigues, he asked her if the blow job was still good "for a hundred," and Rodriguez nodded and said yes. At trial, Officer Izuka testified that by "100" he meant "$100" and "$100" was one meaning of "100."

Rodrigues testified that she posted the Craigslist advertisement to engage in a casual sexual encounter that did not involve an exchange for money, and she interpreted "100" to mean "good," "real," or "real good" because that was how people used the term while texting. She was not expecting to be paid by

2

anyone or pay anyone. In the past, when other people responded to such ads and asked how much she charged, she told them she did not charge anything, it was free.

Viewed in the light most favorable to the prosecution, the evidence was sufficient to support the conviction. See State v. Pegouskie, 107 Hawai'i 360, 365, 113 P.3d 811, 816 (App. 2005). It was within the province of the district court to credit Officer Izuka's testimony that a meaning of "100" was "$100." See id.; State v. Monteil, 134 Hawai'i 361, 369 n.7, 341 P.3d 567, 575 n.7 (2014); State v. Romano, 114 Hawai'i 1, 3, 7, 155 P.3d 1102, 1104, 1108 (2007). Further, it was reasonable for the district court to infer from the evidence -- including Rodrigues's testimony that in the past, people responding to her ads had asked how much she charged to engage in sexual conduct -- that Rodrigues at least consciously disregarded a substantial and unjustifiable risk that by "100," Officer Izuka meant "$100." See HRS §§ 712-1200, 702-204 (2014), & 702-206 (2014); Pegouskie, 107 Hawai'i at 365, 113 P.3d at 816. Lunceford is inapposite because, here, evidence was adduced regarding the meaning of "100." 66 Haw. at 494, 666 P.2d at 589.

Therefore, IT IS HEREBY ORDERED that the January 11, 2018 Notice of Entry of Judgment and/or Order, entered by the District Court of the First Circuit, Wai'anae Division, is affirmed.

DATED: Honolulu, Hawai'i, May 21, 2019.

On the briefs:

Joanne B. Badua,
Deputy Public Defender,
for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge